```
                                              2/18/2005   **FILED**   14:49
                                                          SA03-11289JR
                                         DEBTOR:
                                              STM WIRELESS INC
**Gregory S. Abrams, CA SBN 96759 - Primary Attorney**   JUDGE:  John E. Ryan   400
Joel B. Weinberg, CA SBN 101466          TRUSTEE:
A·S·K FINANCIAL                          CHAPTER:  11    AD05-01127
17401 Ventura Boulevard, Suite B-21      ---------------------------------------------------------------
Encino, California 91316                 CLERK, U. S. BANKRUPTCY COURT
Telephone: (818) 609-9268 ext. 101  Fax: (818) 609-9686  CENTRAL DISTRICT OF CALIF.   ID: E-F
e-mail: gabrams2@askfinancial.com        REFEREN NO:   SA-000097    CHG EST
\c-pr.frm - F:\WP\MM\STM\S4\C-BRO01.WPD
Attorneys For Plaintiff, STM Wireless, Inc., Debtor in Possession   Summons Issued  02/18/2005
                                                                    Answer Date  3/21/2005
                                                                    Hrg. Date  05/24/2005   at   01:30 PM
```

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>STM Wireless, Inc.,<br><br>Debtor. | Bk. No. SA 03-11289<br><br>Chapter 11<br><br>Adv No. **Refer to Summons** |
| STM Wireless, Inc., Debtor in Possession,<br><br>Plaintiff,<br><br>vs.<br><br>Broadedge, Inc.,<br><br>Defendant, | **COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY**<br>**[11 U.S.C. §§ 547, 548, 549, 550]**<br><br>DATE: **Refer to Summons**<br>TIME:<br>CTRM: 606<br>411 W. Fourth St.<br>Santa Ana, CA 92701-4593 |

Plaintiff, STM Wireless, Inc., Debtor in Possession (hereinafter referred to as "Plaintiff" or "STM"), alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1.  This adversary proceeding arises out of and is related to the above-captioned case pending before this United States Bankruptcy Court. Therefore, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Order No. 266 of the United States District Court for the Central District of California. The causes of action set forth herein involve the determination, allowance

**1/E-F**

and amount of claims pursuant to 11 U.S.C. §§ 547 and 550 and, as such, constitute "core" proceedings pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is based on 28 U.S.C. §§ 1408 and 1409.

3. This bankruptcy case was commenced by the filing on February 20, 2003 ("Petition Date") of a petition under Title 11 of the United States Code. STM Wireless, Inc., is the Debtor in Possession and is authorized to commence suit on behalf of the estate.

4. Plaintiff is informed and believes, and on that basis alleges, that Broadedge, Inc. ("Defendant") is a corporation organized under the laws of the State of Delaware.

**FIRST CLAIM FOR RELIEF**
**(TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547)**

5. On or within one year before the Petition Date (the "Preference Period"), STM Wireless, Inc. ("Debtor") made one or more transfers of an interest of the Debtor in property, by means of a check, wire transfer, or the equivalent in an aggregate amount not less than $720,519.38 (hereinafter collectively referred to as "the Transfer(s)") directly to or for the benefit of the Defendant. By this complaint, Plaintiff seeks to recover all Transfer(s) made to Defendant within the Preference Period, and will amend its complaint to add additional Transfer(s), if any, that are subsequently discovered.

6. During the one year period prior to the Petition Date and all time material hereto, Defendant was an "insider" within the meaning of 11 U.S.C. § 101(31).

7. Defendant was a creditor of the Debtor at the time of the Transfer(s) within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfer(s) Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

8. The Transfer(s) was/were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer(s) either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

9. The Transfer(s) was/were made on account of an antecedent debt because the Transfer(s) was/were on account of a debt owed by the Debtor before the Transfer(s) was/were made.

1    10.    The Debtor was insolvent throughout the Preference Period within the meaning of the Bankruptcy Code in that the sum of its debts was greater than the fair value of its assets. *See*, 11 U.S.C. § 101(32)(A), 11 U.S.C. § 547(b)(3).

11.    With respect to the Transfer(s), Defendant received more on account of its debt than if Debtor's case were under Chapter 7 of the Bankruptcy Code, the Transfer(s) had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code because, under such scenario, Defendant would not have received full payment with respect to such debt, nor even as much remuneration as the amount of the Transfer(s).

12.    In accordance with the foregoing, the Transfer(s) is/are avoidable pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF
## (TO RECOVER POST PETITION TRANSFERS, 11 U.S.C. § 549)

13.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 12 inclusive, as if fully set forth herein.

14.    To the extent that one or more of the Transfers was made after the Petition Date, such Transfers were unauthorized post-petition transfers ("Post-Petition Transfers") and are avoidable pursuant to 11 U.S.C. § 549.

## THIRD CLAIM FOR RELIEF
## (TO RECOVER FRAUDULENT TRANSFERS PURSUANT
## TO 11 U.S.C. § 548(a)(1)(B))

15.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 14 inclusive, as if fully set forth herein.

16.    As to any Transfer(s) that was/were not on account of an antecedent debt owed to Debtor, Plaintiff alleges that the Debtor received less than a reasonably equivalent value in exchange for such Transfer(s) ("Potentially Fraudulent Transfers"); and

A. the Debtor was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

1      B.  the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

    C.  the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

17.    The Potentially Fraudulent Transfers can be avoided pursuant to 11 U.S.C. § 548(a)(1)(B).

## FOURTH CLAIM FOR RELIEF
## (TO RECOVER AVOIDED TRANSFERS AGAINST DEFENDANT FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. § 550)

18.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 17 inclusive, as if fully set forth herein.

19.    The Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550.

20.    The Post-Petition Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 549, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550.

21.    The Potentially Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 548, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1.    The Transfer(s) be avoided and set aside (collectively, "All Avoided Transfers");

2.    Plaintiff shall recover from Defendant All Avoided Transfers, together with prejudgment interest thereon at the legal rate allowed under 28 U.S.C. § 1961 from the petition date;

3.    An award of costs incurred in this suit; and

1   4.   Such other and further relief as this Court may deem necessary and proper.

2   Dated: February 18, 2005

3   A·S·K FINANCIAL

4   By   */s/ Gregory S. Abrams*
    Gregory S. Abrams, Esq., Joel B. Weinberg, Esq.
5   Attorneys For Plaintiff, STM Wireless, Inc., Debtor in Possession

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| B. 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Address | Address |

| ATTORNEYS (Firm Name, Address, and Telephone Number) **Bar ID:** | ATTORNEYS (if known) **Bar ID:** |
|---|---|
| Telephone #    Fax # | Telephone #    Fax # |

PARTY (Check one box only)   1  U.S. PLAINTIFF   2  U.S. DEFENDANT   3  U.S. NOT A PARTY

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)

### NATURE OF SUIT
(Check the one most appropriate box only)

| | | |
|---|---|---|
| 454 To recover money or property | 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| 435 To determine validity, priority, or extent of a lien or other interest in property | 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | 459 To determine a claim or cause of action removed to a bankruptcy court |
| 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | 434 To obtain an injunction or other equitable relief | 498 Other (specify) |
| 424 To object or to revoke a discharge 11 U.S.C. § 727 | 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan | |

| **ORIGIN OF PROCEEDING** (Check one box only) | 1 Original Proceeding | 2 Removed Proceeding | 4 Reinstated or Reopened | 5 Transferred from Another Bankruptcy Court | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NUMBER |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING Central District of California | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**   FEE ATTACHED   FEE NOT REQUIRED   FEE IS DEFERRED
(Check one box only)

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) /S/ |
|---|---|---|

B-104
(Rev. 8/99)

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records.  A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed.  The form is largely self-explanatory.

**Parties.**  The names of the parties to the adversary proceeding *exactly* as they appear on the complaint.  Give the names and addresses of the attorneys if known.  Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.**  Give a brief description of the cause of action including all federal statutes involved.  For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.**  Place an "X" in the appropriate box.  Only one box should be checked.  If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.**  Check the appropriate box to indicate the origin of the case:

        1.   Original Proceeding.
        2.   Removed from a State or District Court.
        4.   Reinstated or Reopened.
        5.   Transferred from Another Bankruptcy Court.

**Demand.**  On the next line, state the dollar amount demanded in the complaint in thousands of dollars.  For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000."  If $10,000,000 or more, enter "9999."  If the amount is less than $1,000, enter "0001."  If no monetary demand is made, enter "XXXX."  If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.**  Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose.  Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.**  State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court.  On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.**  Check one box.  The fee must be paid upon filing unless the plaintiff meets one of the following exceptions.  The fee is not required if the plaintiff is the United States government or the debtor.  If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate.  (In the event no funds are ever recovered for the estate, there will be no fee.)  There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature.  The date of the signing must be indicated in the box on the far left of the last line.